UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CELESTE H., Plaintiff, v. COMMISSIONER OF SOCIAL SECURITY, Defendant. | Case No. C25-6176-MLP<br>ORDER |

## I. INTRODUCTION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends that the administrative law judge ("ALJ") erred by misevaluating her testimony, the medical evidence, the lay evidence, and in the RFC formulation. (Dkt. # 11.) The Commissioner filed a response arguing that the ALJ's decision is free of legal error, supported by substantial evidence, and should be affirmed. (Dkt. # 12.) Plaintiff filed a reply. (Dkt. # 13.) Having considered the ALJ's decision, the administrative record ("AR"), and the parties' briefing, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.[1]

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 3.)

## II. BACKGROUND

Plaintiff was born in 1967, has at least a high school education, and has worked as a director of public relations and reporter. AR at 48, 258. Plaintiff was last gainfully employed in 2020. *Id.* at 38.

In December 2022, Plaintiff applied for benefits, alleging disability as of December 1, 2020. AR at 201. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 36. After the ALJ conducted a hearing on October 9, 2024, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 36, 49.

Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part, Plaintiff has the severe impairments of status post covid, anxiety disorder, depressive disorder, and trauma. AR at 38. She can perform a full range of work at all exertional levels but is limited to simple and moderately complex tasks with work breaks at two-hour intervals. *Id.* at 40.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

## III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may overturn the Commissioner's denial of social security benefits if the ALJ's decision rests on legal error or is not supported by substantial evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). In applying this

[2] 20 C.F.R. § 404.1520.

standard, the Court must consider the record as a whole to determine whether it contains sufficient evidence to support the ALJ's findings. *Id.*

Although the Court evaluates the record as a whole, it is not permitted to reweigh the evidence or substitute its judgment for that of the ALJ. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). The ALJ is tasked with evaluating testimony, resolving conflicts in the medical evidence, and addressing ambiguities in the record. *Smartt*, 53 F.4th at 494-95. Where the evidence can be interpreted in more than one rational way, the ALJ's decision must be upheld. *Id.* Even if the ALJ erred, reversal is not warranted unless the error affected the outcome of the disability determination. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The party challenging the ALJ's decision bears the burden of demonstrating harmful error. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## IV. DISCUSSION

### A. The ALJ Did Not Err in Evaluating Medical Evidence

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 404.1520c(a)-(c). These findings must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

#### *1. Eric Strachan, Ph.D.*

After summarizing Dr. Strachan's appointment notes and opinions, Plaintiff conclusorily argues that none of the ALJ's reasons for discounting Dr. Strachan's opinion were valid reasons supported by substantial evidence. (Dkt. # 11 at 2-6.)

The ALJ considered Dr. Strachan's opinion and found it not persuasive as unsupported and inconsistent with the medical record. AR at 46. The ALJ found the opinion was unsupported

as it "appears to suggest that it is primarily based on the claimant's subjective reports, and not objective evidence." *Id.* at 46. Dr. Strachan indicated that his clinical findings were based on "in-session observations, self-report, and the report of [Plaintiff]'s husband [B.H.]" *Id.* at 649. Dr. Strachan's clinical notes, on which he based his opinion, are also in the record. *Id.* at 657-90. Plaintiff attended all counseling sessions in the record via "SimplePractice video stream." *Id.* While the clinical notes contain mental status exams ("MSE"), the doctor prefaces the only abnormal findings in the MSE with "[Plaintiff] reports . . ." *Id.* It was reasonable of the ALJ to consider this evidence and determine that Dr. Strachan's opined limitations were based primarily on Plaintiff's subjective symptom reports. Given the ALJ's treatment of Plaintiff's testimony, as discussed below, this was a valid ground on which to discount the doctor's opinion. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162-63 (9th Cir. 2014) (ALJ may reject doctor's opinion if based "to a large extent" on discredited self-reports).

Next, the ALJ discounted Dr. Strachan's opinion as inconsistent with the objective medical evidence in the record. AR at 46. Plaintiff conclusorily argues that Dr. Strachan's opinion is "fully consistent with the overall medical record[,]" but does not address the specific evidence the ALJ found contradicted the opinion. (Dkt. # 11 at 6.) Plaintiff thus falls short of meeting her burden to show the ALJ harmfully erred. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 930 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court. . . . We require contentions to be accompanied by reasons."); *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address issues not argued with any specificity); *James M. v. Comm'r of Soc. Sec.*, 2020 WL 3605630, at *2 (W.D. Wash. July 2, 2020) ("[I]t is not enough merely to present an argument in the skimpiest way (i.e., listing the evidence), and leave the Court to do counsel's work—framing

the argument, and putting flesh on its bones through a discussion of the applicable law and facts."). Plaintiff has not shown any error in the ALJ's finding that the extreme limitations Dr. Strachan opined to were inconsistent with Plaintiff's generally conservative mental health treatment. AR at 46. The ALJ found, *inter alia*, that the lack of progressive treatment for Plaintiff's alleged impairments showed higher functioning than the opinion alleged. *Id.* For example, Plaintiff's psychiatrist Lina Kurlis, Psy.D., determined that Plaintiff's "[s]ymptoms as reported do not appear intense enough to warrant trialing medication at this time, will continue to monitor and will refer to PCP or psychiatric ARNP for evaluation as needed." *Id.* at 416. Accordingly, the Court concludes the ALJ did not err in his evaluation of Dr. Strachan's opinion.

*2. Janna L. Friedly, M.D.*

The ALJ considered Dr. Friedly's opinion and discounted it as conclusory, unsupported, and inconsistent with the record and Plaintiff's activities. AR at 47 (citing *id.* at 415 (normal MSE), 446 ("Pt is working on her Master's Degree in Science Writing @John's Hopkins"), 460 (normal MSE), 463 (same), 468-69 (normal MSE, reviewed findings indicating "outcome is good and suggestive of ongoing improvement."), 603 ("Is volunteering at Seattle aquarium twice a month with accommodations[.] Still doing one class/semester - will be done in May[.] Can do things that could be done before but is much slower than baseline[.] Can write for 45 min/time but then needs to take a break . . . Has been swimming, exercising[.] Last summer [2023]- taught a beach naturalist class 1 1/2 hours/day for 5 days with help from husband and daughter."), 657-90 (Dr. Strachan's appointment notes.)).

The ALJ found Dr. Friedly's opinion addressed an issue reserved to the commissioner and lacked an adequate function-by-function analysis. AR at 47. Dr. Friedly wrote a letter in October 2024 which explained that Plaintiff had ongoing long COVID symptoms including

severe fatigue, post exertional malaise, brain fog, lightheadedness, myalgias, anxiety, and headaches, and that these symptoms left Plaintiff with "limited functional capacity and [she] is unable to be gainfully employed." *Id.* at 691. Dr. Friedly did not opine how often Plaintiff experiences these symptoms, how limiting they are, or how they impact Plaintiff's ability to conduct work-related activities. It was reasonable of the ALJ to conclude this opinion did not provide a useful functional analysis. Further, the availability of jobs and whether a claimant is disabled are opinions on issues reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(1)-(2). A medical opinion on issues reserved to the Commissioner "can never be entitled to controlling weight or given special significance." *Allen v. Comm'r of Soc. Sec.*, 498 F. App'x 696, 696 (9th Cir. 2012). The Court need not consider the ALJ's remaining reasons for rejecting the opinion because any error with respect to those reasons would be harmless. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). The ALJ did not err in finding Dr. Friedly's opinion unpersuasive.

*3. Patricia K., M.D. and John W., Ph.D.*

Plaintiff argues the ALJ erred in accepting the opinions of the State agency consultants. (Dkt. # 11 at 9-10.) An ALJ generally may accept any medical opinion and need not even give reasons. *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ must provide reasons for rejecting a medical opinion, but not for accepting and interpreting one). As Plaintiff's argument relies entirely on the ALJ erring in rejecting the opinions of Drs. Strachan and Friedly, she has not shown any error in the ALJ's acceptance of the State agency consultant opinions.

**B. The ALJ Did Not Err in Evaluating Plaintiff's Testimony**

Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons for discounting a claimant's testimony. *See Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017). That said, the ALJ is not required to believe every allegation, nor to analyze

testimony line by line. *See Ahearn*, 988 F.3d at 1116; *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). The question is not whether this Court is convinced, "but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt*, 53 F.4th at 499.

The ALJ discounted Plaintiff's testimony as inconsistent with the medical record, including Plaintiff's improvement with conservative treatment, and Plaintiff's activities. AR at 45-46. Plaintiff testified that her abilities vary from hour to hour and day to day. *Id.* at 68. She struggles with her memory and finding the correct words. *Id.* at 69. When she is tired, she feels faint and shaky. *Id.* at 73. She struggles with writing or reading for more than two hours at a time, at which point she becomes fatigued, feels nauseous, and vomits. *Id.* at 73-74. Her stamina is poor. *Id.* at 75. If she pushes herself too hard her fatigue, anxiety, and nausea become worse. *Id.* at 76. If she paces herself, she can manage her symptoms. *Id.* at 78. She has a fear of touching things and does not "like to touch anything that's like fabric or something." *Id.* at 77. She is working with her counselor to go into grocery stores and to touch things. *Id.* at 78. Doing activities takes a lot longer than before she was sick. *Id.* at 296.

Plaintiff argues that "[t]he ALJ's selective and inaccurate discussion of Hankins's activities fully undermines his analysis" because he did not articulate that he considered the modifications Plaintiff had to make to conduct those activities. (Dkt. # 11 at 13.) Plaintiff's activities may be the basis of an adverse credibility determination to the extent that they contradict her testimony or meet the threshold for transferable work skill. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ reasonably found that Plaintiff's activities were "robust" which contradicted her allegations of total disability. AR at 45-46. During the relevant period, in addition to managing the normal activities of daily living, Plaintiff was working on completing her master's degree at Johns Hopkins, where she completed an externship program. *Id.* at 452. In

spring 2024, she was in the final quarter of obtaining her masters. *Id.* at 636. She volunteered for an aquarium twice a month with accommodations and taught a beach naturalist class for an hour and a half five days a week with the help of her husband and daughter.[3] *Id.* at 603. Plaintiff could swim and exercise, and testified she can walk a mile around her house. *Id.* at 75, 603. She could write for 45 minutes at a time. *Id.* at 603. It was reasonable of the ALJ to conclude that this evidence contradicted Plaintiff's testimony of more disabling impairments.

The ALJ also found that Plaintiff's symptoms improved and were well-managed with conservative treatment. AR at 45 (citing *id.* at 466 ("Overall, the patient is reporting improvements in fatigue, **anxiety** but is still struggling with symptoms of memory and processing speed."), 479 ("Overall, [Plaintiff] has had some improvement in sleep overall . . ."), 485 ("Working with Dr. Herring for group psychology sessions - these have been really helpful."), 604 ("[Plaintiff] has had gradual improvement in terms of her symptoms but continues to have fatigue, limited endurance, brain fog and GI issues. . . . She is doing better and increasing her activities . . . she has to pace, takes more time to do activities . . . ")). Plaintiff argues this was an error, because her treatment was consistent with her testimony. (Dkt. # 11 at 11.) But conservative treatment and overall improvement are a legitimate basis to discount Plaintiff's testimony. *Smartt*, 53 F.4th at 500. Plaintiff has not shown that the ALJ erred.

**C. The ALJ Did Not Err in Evaluating Lay Witness Evidence**

The ALJ considered the statement from Plaintiff's husband, B.H., and found it unpersuasive as unsupported and inconsistent with the medical record. AR at 48. B.H.'s statement described essentially the same limitations Plaintiff testified to. *Compare id.* at 278-85 *with id.* at 294-301. As explained above, the Court finds no error in the ALJ's assessment of

---

[3] After denial of her disability, Plaintiff began working part-time leading beach walks for a local resort. AR at 21.

Plaintiff's testimony, and the ALJ's reasoning in that regard applies with equal force to B.H.'s similar testimony. *See*, *e.g.*, *Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 694 (9th Cir. 2009) (because "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because [the lay witness's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony"). Accordingly, Plaintiff has not established error in the ALJ's assessment of B.H.'s statement.

As Plaintiff's remaining arguments are derivative of her arguments relating to the ALJ's assessment of the evidence, they also fail. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this 29th day of July, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge